**E-FILED on**    8/5/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XUELIN TU; CUILAN GAO; TAO TU,<br><br>       Plaintiffs,<br><br>       v.<br><br>JANET NAPOLITANO, Secretary, Department of Homeland Security; JAMES Y. CHIANG, Officer in Charge USCIS, Beijing Office,<br><br>       Defendants. | No. C-09-2399 RMW<br><br>ORDER TRANSFERRING ACTION<br><br>**[Re Docket No. 6]** |

      Defendants' motion to dismiss under Rule 12(b)(3) for improper venue came on for hearing before the court on July 31, 2009. Plaintiffs oppose the motion. Having considered the papers submitted by the parties and the arguments of counsel at oral argument, and for good cause appearing, the court finds that venue is improper in this district, but rather than dismiss, the court will transfer the action to the District of Nebraska.

      This is an immigration mandamus action seeking to compel the defendants to complete the adjudication of two I-730 petitions and issue travel documents. Venue is based on 28 U.S.C. §1391(e), the statute that applies in any civil action in which a defendant is an officer of the United States or any agency thereof. Defendants move to dismiss for lack of venue, contending that Section 1391(e) does not provide for venue in the Northern District of California.

1    Section 1391(e) authorizes venue in 1) any district in which a defendant resides, 2) any
2 district in which a substantial part of the events or omissions giving rise to the claim occurred or a
3 substantial part of the property that is subject to the action is situated; and 3) the district where the
4 plaintiff resides if no real property is involved in the action.  This latter provision is the focus of the
5 parties' dispute.

6    Plaintiff Xuelin Tu resides in this district, but he is an alien.  Although nothing within the
7 text of the statute would appear to render Section 1391(e)(3) inapplicable to plaintiffs who are
8 aliens, long-standing case law has held that for venue purposes, an alien is assumed not to reside in
9 any district.  Defendants cite extensive case law, including recent immigration mandamus cases
10 from this district, in support of their position, including *Ou v. Chertoff*, 2008 WL 686869 (N.D. Cal.
11 Mar, 12, 2008); *Li v. Chertoff*, 2008 WL 4962992 (N.D. Cal. Nov. 18, 2008), and *Zhang v. Chertoff*,
12 2008 WL 5271995 (N.D. Cal. Dec. 15, 2008).

13    Plaintiffs argue in opposition that these and other cases do not apply to situations where the
14 alien was a lawful permanent resident.  But, plaintiffs do not cite any authority where a court has
15 recognized this as a meaningful distinction or held that venue was proper under Section 1391(e)(3),
16 when the issue of an alien's residence for venue purposes was addressed.  Plaintiffs also imply that
17 interpreting Section 1391(e)(3) to not include aliens who are lawful permanent residents would
18 violate the due process rights of such parties.  Opp. at 3.  The district courts in *Ou v. Chertoff*, *Li v.*
19 *Chertoff*, and *Zhang v. Chertoff*, each confronted and rejected this same argument.

20    Accordingly, the court finds that venue is not proper in the Northern District of California.
21 The issue then becomes whether this action should be dismissed for improper venue or transferred to
22 a district in which venue is proper under 28 U.S.C. §1406(a).

23    Plaintiffs have requested that the court transfer this action to the District of Nebraska if the
24 court finds that venue does not lie in the Northern District of California.  Opp. at 4.  Nebraska is the
25 location where plaintiffs' I-730 petitions were filed and serviced and are thus where a substantial
26 part of the events or omissions giving rise the claim occurred, and plaintiffs argue that venue would
27 be proper there under Section 1391(e)(2).  Defendants oppose transfer. Motion at 5, n.1.  The court
28

ORDER TRANSFERRING ACTION—No. C-09-2399 RMW
TER                                                          2

1  finds that the interests of justice support transferring the action, and accordingly, the court orders
2  that this action is transferred to the District of Nebraska under 28 U.S.C. §1406(a).

DATED:     8/4/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Justin X. Wang          justin@lawbw.com

**Counsel for Defendants:**

Ila Casy Deiss          ila.deiss@usdoj.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   8/5/09                                    TER
                                           **Chambers of Judge Whyte**